IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2239-BO

| | | |
|---|---|---|
| SYLVESTER E. HARDING, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LYNN SUMMERS, | ) | |
| | ) | |
| Respondent. | ) | |

Sylvester E. Harding, III, ("petitioner"), petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondent's motion for summary judgment. Mot. for Summ. J., D.E. 7. Thereafter, petitioner was given notice of the pending motion. Roseboro Letter, D.E. 9 and 10. Petitioner responded to the motion, and the matters are ripe for determination. Response, D.E. 11.

Procedural Background

On May 12, 2010, Harding was found guilty by jury in Guilford County Superior Court of possession with intent to manufacture, sell, or deliver cocaine, felonious maintaining a vehicle used for keeping or selling a controlled substance, misdemeanor driving while license revoked, and displaying a fictitious registration plate. Mem. in Supp., D.E. 8, Ex 3 pp 27-28. Harding also stipulated and pleaded guilty to attaining the status of an habitual felon. Id., p 29. After finding Harding to be a prior record level III offender, the trial court sentenced Harding in the presumptive range to a term of imprisonment of 93 to 121 months. Id., pp 34-37. On May 13, 2010, on motion

for reconsideration, the trial court vacated its prior judgment, received evidence in mitigation, and sentenced Harding in the mitigated range to 82 to 108 months imprisonment. Id., pp 38-44. At the trial and in the motion for reconsideration, Harding was represented by attorney Allen W. Rogers. Id., p 46.

Harding, through appointed attorney Bryan E. Gates, Jr., appealed his convictions to the North Carolina Court of Appeals. Id., p. 55. By unpublished decision issued September 6, 2011, the court held no error in part and reversed Harding's conviction for maintaining a vehicle for the keeping or selling of controlled substances on the basis of insufficient evidence. State v. Harding, 716 S.E.2d 87 (N.C. App. 2011). On September 26, 2011, Harding filed a pro se petition for discretionary review ("PDR") in the North Carolina Supreme Court, D.E. 8, Ex 4, which was denied on November 9, 2011. State v. Harding, 365 N.C. 362, 718 S.E.2d 394 (2011). On November 3, 2011, pursuant to the decision of the North Carolina Court of Appeals, a re-sentencing hearing was held in Guilford County Superior Court wherein Harding once again was sentenced to a term of imprisonment of 82 to 108 months. D.E.8., Ex 5.

On February 10, 2012, Harding filed a pro se motion for appropriate relief ("MAR") in Guilford County Superior Court, alleging, that he was not allowed to be heard at the re-sentencing hearing on November 3, 2011, and that he was represented by his original trial attorney who, in his pro se PDR, Harding had claimed to be ineffective. By order entered February 24, 2012, that court denied Harding's MAR in part but concluded Harding was entitled to another re-sentencing hearing, at which he was entitled to be represented by retained counsel, conflict-free appointed counsel, or himself. Id., Ex 6. On March 16, 2012, before he was re-sentenced, Harding filed a petition for writ of habeas corpus in this court. Harding v. Thomas, No. 5:12-HC-2072-FL, D.E. 1. By order entered

February 15, 2013, the Honorable Louise W. Flanagan allowed Harding's motion to amend that habeas petition, denied Harding's petition for writ of mandamus, and denied without prejudice the parties' cross motions for summary judgment. Harding v. Thomas, No. 5:12-HC-2072-FL, D.E. 22. On August 21, 2013, the court granted Harding's motion to supplement the record and denied Harding's motions for discovery, writ of assistance, telephone/video conference, stay, and summary judgment. Id., D.E. 37. On March 20, 2014, the court denied Harding's motion for summary judgment, granted respondent's motion for summary judgment, dismissed without prejudice conclusory claims raised for the first time in response to respondent's motion for summary judgment, and denied a certificate of appealability. Id., D.E. 49

During the pendency of the first habeas proceeding, Harding's resentencing hearing, pursuant to the February 24, 2012 order, was held in Guilford County Superior Court on January 10, 2013. Harding was represented by attorney James R. Parish. Mem. in Supp., Ex. 7. At the conclusion of the hearing, Harding once again was sentenced to a term of imprisonment of 82 to 108 months. Id., Ex 7 p 20; Ex 8. Harding attempted to appeal his re-sentencing by way of a pro se "Appeal as a Right or Petition for Writ of Certiorari" filed in the North Carolina Court of Appeals on September 25, 2013. Id., Ex 10. By orders entered November 7, 2013, the court dismissed both the appeal and the petition. Id., Ex 11.

On August 16, 2013, Harding also filed a pro se MAR in Guilford County Superior Court. Id., Ex 12. By order signed September 13, 2013 and filed October 4, 2013, the MAR was denied. Id., Ex 13. Harding then attempted to appeal this order by way of a pro se "Appeal of Denial of Motion for Appropriate Relief" filed in the North Carolina Court of Appeals on September 30, 2013. Id., Ex 14. By order entered October 10, 2013, the North Carolina Court of Appeals, held that petitioner's filing was a state petition for writ of certiorari and dismissed it. Id., Ex 16. Harding then

3

filed a petition for writ of habeas corpus in the North Carolina Supreme Court on October 29, 2013 Id., Ex 17, which the court denied on October 30, 2013. Id., Ex 18.

On October 15, 2013, while pursuing appellate review of the denial of his MAR, Harding filed a pro se "Notice of Withdrawal of Plea and Motion for Dismissal of Indictment" in Guilford County Superior Court which was denied on November 6, 2013. Id., Ex 19-20. On October 21, 2013, Harding filed a pro se petition for writ of certiorari in the North Carolina Court of Appeals, Id., Ex 21, and on October 31, 2013, which was denied on November 4, 2013, by the North Carolina Court of Appeals. Id., Ex 23. Thereafter, Harding filed, in the North Carolina Court of Appeals, a pro se MAR on November 12, 2013, and a pro se petition for writ of certiorari on November 15, 2013. Id., Exs 24-25. On December 3, 2013, the North Carolina Court of Appeals dismissed Petitioner's MAR and denied his PWC. Id. Exs 28-29. On November 12, 2013, Harding filed this habeas petition. Pet., D.E. 3, p 14.

Issues

Harding's petition is not a model of clarity. However, the court construes the petition to assert the following: (1) the trial court lacked a valid indictment and thus lacked jurisdiction to re-sentence petitioner; (2) ineffective assistance of counsel ("IAC") on the grounds that his counsel stipulated petitioner's status as an habitual felon without petitioner's consent; (3) his re-sentencing violated his protection against double jeopardy; and (4) he was not allowed during re-sentencing to challenge his underlying convictions and raise issues involving due process, racial profiling, prosecutorial misconduct, and the Fourth Amendment.

Legal Discussion

    i.    Summary Judgment

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

    ii.    The Antiterrorism and Effective Death Penalty Act ("AEDPA") Standard

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result.

Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see Nevada v. Jackson, 133 S. Ct. 1990, 1992 (2013) (per curiam); Metrish v. Lancaster, 133 S. Ct. 1781, 1786–92 (2013); Marshall v. Rodgers, 133 S. Ct. 1446, 1450–51 (2013) (per curiam); Parker v. Matthews, 132 S. Ct. 2148, 2151–56 (2012) (per curiam); Hardy v. Cross, 132 S. Ct. 490, 493–94 (2011) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 29–31 (2011) (per curiam); Cavazos v. Smith, 132 S. Ct. 2, 4–8 (2011) (per curiam); Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Burt v. Titlow, No. 12-414, 2013 WL 5904117, at *4 (U.S. Nov. 5, 2013); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Congress intended the AEDPA standard to be difficult to meet. Burt, 2013 WL 5904117, at *4; Harrington v. Richter, 131 S. Ct. 770, 786 (2011); see Moore v. Hardee, 723 F.3d 488, 495–96 (4th Cir. 2013). "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington, 131 S. Ct. at 787. In order to prevail in an action brought under section 2254(d), a petitioner must show that "there was no reasonable basis for the state court to deny relief." Id. at 784; see DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir.), cert. denied, 132 S. Ct.

818 (2011). Under AEDPA, the federal court must review the last state court decision on the merits. Greene v. Fisher, 132 S. Ct. 38, 43-45 (2011); Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

    iii.    Claim One

In his first claim, Harding contends the trial court lacked a valid indictment and thus lacked jurisdiction to re-sentence him. To the extent Harding is contending his habitual felon indictment was "invalid," there is no federal constitutional requirement for indictment in a state criminal proceeding. Dilworth v. Markle, 970 F. Supp.2d 498, 507 (N.D.W.Va. 2013). All that is constitutionally required is that the defendant receive adequate notice of the charge in order to allow him to prepare a defense. See Russell v. United States, 369 U.S. 749, 82 S. Ct. 1038 (1962); Cole v. Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514 (1948); Hartman v. Lee, 283 F.3d 190, 195 n. 5 (4th Cir.2002), cert. denied, 537 U.S. 1114, 123 S.Ct. 851 (2003).

Additionally, no fundamental unfairness is alleged nor does it appear to have occurred, and even if error occurred in the indictments, it was non-jurisdictional and non-prejudicial. United States v. Cotton, 535 U.S. 625, 122 S. Ct. 1781 (2002); see also Ashford v. Edwards, 780 F.2d 405 (4th Cir. 1985). Likewise, if this claim turns on interpretation of state law, it is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (recognizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" and that "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"); Wright v. Angelone, 151 F.3d 151, 157-58 (4th Cir. 1998) (holding the petitioner's claim that state trial court lacked jurisdiction over defective indictments not cognizable).

Lastly, while one of Harding's predicate felony convictions was reversed on appeal, his other predicate felony conviction, the indictment and conviction for felony possession with intent to

7

manufacture, sell, or deliver cocaine, was not reversed. State v. Harding, No. COA11-161, 2011 N.C. App. LEXIS 1958 (Sept. 6, 2011).

The state court's order denying Harding's MAR held the MAR to be "without merit." The state court further held the North Carolina Court of Appeals "reversed the conviction for maintaining a vehicle for keeping or selling controlled substances only," found "a factual basis for the defendant's plea of guilty to being a Habitual Felon, the plea was his informed choice and was made freely, voluntarily and understandingly," and concluded that "[t]he judgment and sentence of the Court entered in this case is legal, valid, and proper and was entered in full compliance with due process of law." Mem. In Supp., Ex 13 p 2. The state court decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, nor was the state court decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). Claim One is denied as without merit.

  iv. Claim Two

Harding contends he received ineffective assistance of counsel on the grounds that his counsel stipulated to Harding's status as an habitual felon without Harding's consent.

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish a two-prong test. First, a petitioner must show that the counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time. Id. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Petitioner must overcome "a strong presumption that counsel's representation was within

8

the wide range of reasonable professional assistance" and establish "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed [him] by the Sixth Amendment." Harrington v. Richter, 131 S. Ct. 770, 787 (2011).

For the second prong, petitioner must show there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. Even then, however, habeas relief may be granted under Strickland only if the "result of the proceeding was fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998).

This court recognizes that under state law, it is *per se* IAC when "the defendant's counsel admits the defendant's guilt to the jury without the defendant's consent." State v. Harbison, 315 N.C.175, 180, 337 S.E.2d 504 (1985). However, "federal courts do not recognize the *per se* rule of Harbison, and it remains necessary in a federal habeas action for the petitioner to show prejudice in addition to deficient performance." Flippen v. Lee, No. 1:01CV00674, 2004 U.S. Dist. LEXIS 11070, at *14 (M.D.N.C. Mar. 9, 2004) (Recommendation of Sharpe, M.J.) (citing Clozza v. Murray, 913 F.2d 1092, 1097 (4th Cir. 1990)), adopted, 2004 U.S. Dist. LEXIS 11068 (M.D.N.C. June 8, 2004). Harding simply cannot show any prejudice.

First, Harding is contending that his trial counsel stipulated, without Harding's consent, to Harding having attained the status of an habitual felon during the resentencing hearing. However, Hardings status of an habitual felon was not altered by the direct appeal. The proceedings for determining whether a defendant is an habitual felon "shall be as if the issue of habitual felon were a principal charge." N.C.G.S. § 14-7.5. Petitioner's original stipulation and plea to attaining the status of an habitual felon (Ex 2 pp 307-15; Ex 3 pp 29-33) remained in full force and effect during his re-sentencing proceedings. Moreover, Harding had three prior felony convictions in 1998, 2000,

and 2003 (Ex 3 p 5), and he had a fourth felony conviction – possession with intent to manufacture, sell, or deliver cocaine. Mem. in Supp., Ex 3 pp 3, 27; see N.C.G.S. § 14-7.1 In its order denying Harding's MAR, the state court concluded that Harding "was represented by competent counsel, who afforded him effective, reasonable and professional

representation throughout the proceedings." Mem. in Supp., Ex 13 p 2. As stated above, the state court also concluded that "[t]here was a factual basis for the [Petitioner]'s plea of guilty to being a Habitual Felon, the plea was his informed choice and was made freely, voluntarily and understandingly." Id. The state court decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, nor was the state court decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). Claim Two is denied as without merit.

    v.    Claim Three

Petitioner next contends that his re-sentencing violated his protection against double jeopardy. The Fifth Amendment guarantee against double jeopardy, which is enforceable against the states through the Fourteenth Amendment, consists of three different protections: (1) "against a second prosecution for the same offense after acquittal"; (2) "against a second prosecution for the same offense after conviction"; and (3) "against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled in part on other grounds by Alabama v. Smith, 490 U.S. 794 (1989).

Although Harding claims his protection against double jeopardy was violated, Harding was not re-prosecuted for the maintaining a vehicle offense that had been reversed by the state appellate court; he was not re-prosecuted for the offenses left undisturbed by the state appellate court; and he

was not punished multiple times for the same offenses but was, instead, re-sentenced in the state court. In denying Harding's MAR, the state court held that "[t]he judgment and sentence of the Court entered in this case is legal, valid, and proper and was entered in full compliance with due process of law." Mem. In Supp. Ex 13 p 2. The state court decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, nor was the state court decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). Claim Three is denied as without merit.

vi.  Claim Four

Harding's last claim is that he was not allowed during re-sentencing to challenge his underlying convictions and raise issues involving due process, racial profiling, prosecutorial misconduct, and the Fourth Amendment. This grouping of allegations was asserted, reviewed, and dismissed on summary judgment in Harding's prior petition in this court. Harding v. Thomas, No. 5:12-HC-2072-FL, D.E. 49 p. 2 ("Petitioner alleges . . . : (1) he received ineffective assistance of counsel; (2) he was subjected to an unlawful search and seizure in violation of the Fourth Amendment to the United States Constitution; (3) he was subjected to 'raced based policing' in violation of his right to due process pursuant to the Fourteenth Amendment to the United States Constitution; and (4) he was subjected to misconduct by the state because it produced a witness who made misleading statements.)

"Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." Cottle v. Bell, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) (per curiam)

11

Case 5:13-hc-02239-BO   Document 12   Filed 12/04/14   Page 11 of 14

(unpublished table opinion) (citations omitted); see I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases). In reviewing a case, "the court shall dismiss the case **at any time** if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). Thus, claim four is dismissed as duplicative.

Likewise, under the doctrine of res judicata "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). A later claim is precluded when:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claim in the second matter is based upon the same cause of action involved in the earlier proceeding.

Grausz v. Englander, 321 F.3d 467, 472 (4th Cir. 2003) (quotation & revisions omitted); see also Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991).

Although res judicata ordinarily is presented as an affirmative defense in a responsive pleading, a court may raise res judicata sua sponte in "special circumstances." Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006) (quotation omitted); see Saudi v. V. Ship Switzerland, S.A., 93 Fed. Appx. 516, 520 (4th Cir. 2004) (per curiam) (unpublished) ("[G]iven the indisputable privity of the parties and the identity of the issues between the instant case and the case upon which the res judicata holding rested, . . . sua sponte invocation of the bar was permissible." (emphasis omitted)). "[D]ismissal by the court sua sponte on res judicata grounds" is appropriate "in the interest of judicial economy where both actions were brought before the same court." Mowbray v. Cameron County, 274 F.3d 269, 281 (5th Cir. 2001) (quotation omitted). Both of Harding's petitions for writ of habeas corpus were filed within the Eastern District of North Carolina and the

12

record in each case is indisputable; therefore, the court invokes the doctrine of res judicata as to this final claim. See Johnson, 440 F.3d at 655; Mowbray, 274 F.3d at 281.

    vii.    Alternative Dismissal

Alternatively, each of the claims before the court in this petition are unsupported conclusory assertions which must be dismissed pursuant to Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim - or for that matter, on any claim - a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."); Jones v. Polk, 401 F.3d 257, 270-271 (4th Cir. 2005).

    viii.   Certificate of Appealability

The court now determines whether petitioner is entitled to a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001). Accordingly, a certificate of appealability is DENIED.

Conclusion

In summary, respondent's motion for summary judgment is ALLOWED and petitioner's § 2254 petition is DISMISSED with prejudice. D.E. 7. Additionally, a certificate of appealability is DENIED. The clerk is DIRECTED to CLOSE the case.

SO ORDERED, this __4__ day of December 2014.

*[signature: Terrence Boyle]*
TERRENCE W. BOYLE
United States District Judge